Nov. Term,
1848.
────────
Davis
v.
Sturgis.

---

## Davis for the use of Cooper *v.* Sturgis.

Debt on an appeal-bond against the surety. Breach, the non-prosecution of the appeal to effect. Plea, that the plaintiff filed an affidavit that the defendant was insufficient surety, and moved to dismiss the appeal; that a rule was entered requiring the appellant to file an additional bond, and, on his failure so to do, the appeal was dismissed. *Held,* that the plea was bad, and that a failure to give a further bond, when required, is a breach of the condition of the first.

ERROR to the *Allen* Circuit Court.

*Tuesday,
December 5.*

Perkins, J.—Debt upon an appeal-bond, by *E. Q. Davis*, the obligee, against *Charles E. Sturgis*, the surety in the bond. Breach assigned, the non-prosecution of the appeal to effect.

The defendant pleaded two pleas, both of which were, in substance, that while said appeal was pending in the *Allen* Circuit Court, the ·said *Davis*, by his attorney, appeared, and, on affidavit filed that said *Sturgis* was insufficient surety on said bond, moved the Court to dismiss the appeal; that a rule was entered, upon said affidavit and motion, against *Columbia*, the appellant in said cause, for an additional bond, and that, on his failing to comply with said rule, the appeal was dismissed.

A general demurrer to these pleas was overruled, and final·judgment rendered against the plaintiff.

The decision of the Court below is defended here, on two grounds.   1st. That the pleas show that there was no consideration for the bond; 2d. That they show that there was no breach of its condition of which the plaintiff in this suit could avail himself.   The argument on the first point is, that the bond, not being sufficient to sustain the cause in the Circuit Court until trial, was, in reality, void *ab origine*, and without consideration; and on the second, that, as the plaintiff himself objected to the sufficiency of the bond on his motion to dismiss the appeal, and thereby prevented the prosecution of said appeal to effect, he is estopped from now claiming the failure so to prosecute it, as a breach of the condition of the bond.

We do not think either of the above positions correct. By sections 159, 160, p. 889, R. S., an appeal from a judgment of a justice of the peace is allowed on a bond being filed which shall be approved by said justice.   By section 168, p. 891, of the same statutes, it is enacted that:

" No appeal shall be dismissed by the Circuit Court on account of the informality or insufficiency of such appeal-bond, if the appellant do, on or before the calling of the cause, file a good and sufficient bond, with surety to the acceptance of the Court."

The operation of the foregoing sections, taken together, is, to make the bond filed with, and approved by, the justice, effectual to remove the cause to the Circuit Court, hold it there until such bond is shown, in that Court, to

be insufficient, and to stay, in the mean time, execution upon the judgment of the justice. The bond, therefore, though it may afterwards be shown to be insufficient, is not void *ab origine*, and is upon a valid consideration. And as the law permits the bond filed with the justice, though approved by him, to be shown to be insufficient in the Circuit Court, and requires, in that event, a further bond, the giving of such further bond, when required by the Circuit Court, must be regarded as one of the acts necessary to be performed by the appellant in prosecuting his appeal to effect, and hence included in the condition of the first bond. A failure, therefore, to give such further bond, when so required, is a breach of the condition of the first, and renders the surety in it liable to an action; and we think no such estoppel as contended for exists.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*H. Cooper*, for the plaintiff.

*W. H. Combs*, for the defendant.